# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

KEVIN D. FRITTS               )
                                        )
v.                             )NO. 2:04-CV-198
                                        )
CARTER COUNTY JAIL and JOHN   )
HENSON, Sheriff of Carter County   )

## MEMORANDUM and ORDER

Kevin D. Fritts, a prisoner in the Carter County Jail,[1] brings this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[2] Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

> (a) twenty percent (20%) of the average monthly deposits to the

---

[1] The plaintiff has notified the Court that his address has changed and that he is now confined in a jail in an adjoining county.

[2] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

plaintiff's' inmate trust account;

    <u>or</u>

(b)   twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[3] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined in this memorandum.

The allegations in the complaint fall within three

---

[3]   Send the payments to:
         Clerk, USDC
         220 West Depot Street, Suite 220
         Greeneville, TN 37743

separate categories of claims.

1) <u>Denial of reasonably safe conditions of confinement</u>: In September of 2004, the plaintiff was beaten by 6 to 7 fellow prisoners in C Block at the Carter County Jail, causing him to sustain a head injury, a sprained finger, and bruised kidneys, testicles, ribs, and a bruised back as well. The beating was recorded on a video tape, which was viewed afterwards by the plaintiff, but none of his assailants were charged.

2) <u>Denial of adequate medical attention</u>: After the assault, the plaintiff was taken to the Sycamore Shoals Hospital, where he was treated for his injuries, including being given prescribed pain medications. He turned over his prescriptions to the jailers upon his return to jail. However, those prescribed medications were not dispensed to him nor was he given anything else for the pain. The plaintiff, who is prone to have migraine headaches, takes Naproxen daily for his migraine headaches.

3) <u>Unconstitutional housing conditions</u>: Upon his

return to jail, the plaintiff was reassigned from C Block to H Block. He did not have a bunk in H Block and had to sleep for weeks on the floor, which was intolerably cruel, given the condition of his back. He still suffers from back problems.

The Court infers that the plaintiff is asserting that the above conditions and events violated his Eighth Amendment right not to be subjected to cruel and unusual punishments.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, however, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion

requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In this case, the plaintiff maintains, in section II of his form complaint, that the Carter County jail has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system "because I've filed grievances befor (sic) to no avail. The Grievance Procedure don't work our grievances are trown (sic) away and never returned."

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Finally, a prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's

exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust).

In this case, the plaintiff submits that he did not file a grievance because he thought it useless to utilize the grievance system at the Carter County jail. The mere fact that he filed a grievance at other times as to other unidentified complaints and did not receive a response, does not justify his failure to exhaust the claims asserted in this case. *Id.* Moreover, there is no "futility" exception written into § 1997e's requirement that prisoners administratively exhaust their claims before raising them in a federal lawsuit.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:


    s/Thomas Gray Hull
    THOMAS GRAY HULL
       SENIOR U. S. DISTRICT JUDGE